UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ESTEBAN SAVINON,

                         Petitioner,

        -against-

LAWRENCE SEARS, Superintendent,
Ogdensburg Correctional Facility,

                         Respondent.
------------------------------------------------------------X



09-CV-2529 (JPO)

<u>ORDER ADOPTING
REPORT AND
RECOMMENDATION</u>

J. PAUL OETKEN, District Judge:

**I.    Background**

On January 16, 2009, *pro se* Petitioner Esteban Savinon filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 2.)[1] The action was referred to Magistrate Judge Debra Freeman. (Dkt. 3.) Respondent Lawrence Sears, through counsel, filed an opposition to the petition on August 24, 2009. (Dkt. 8, 9.) Magistrate Judge Freeman ordered the petitioner to file any reply to Respondent's opposition by August 26, 2011. (Dkt. 15.) Petitioner never replied.

Magistrate Judge Freeman signed a Report and Recommendation ("R&R") on December 8, 2011, recommending that the petition be dismissed in its entirety and that the Court decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A). (Dkt. 18 at 21.) However, as Judge Freeman notes in the R&R,

> It is the Court's understanding that, prior to the expiration of his sentence, Petitioner was deported. While the deportation may moot his Petition, *see* 28 U.S.C. § 2254(a); *Johnson v. Levine*, No. 00 Civ. 8402 (AKH), 2001 WL 282719, at *1-2 (S.D.N.Y. Mar. 21, 2001) (dismissing habeas petition as moot where

---

[1] Although the Court's docket indicates the petition was filed on March 19, 2009 (Dkt. 2), a *pro se* prisoner's papers are deemed filed when handed over to prison officials for forwarding to a court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Thus, the Court will deem the petition to have been filed on January 16, 2009, the date Petitioner signed it. *See, e.g., Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000).

> petitioner had been deported and so, was no longer "in custody" within the meaning of Section 2254(a)), it is possible that the conviction at issue stands as a bar to Petitioner's reentry to the United States, which could constitute an adverse "collateral consequence" sufficient to prevent his habeas claims from being rendered moot, *see Perez v. Greiner*, 296 F.3d 123, 125-26 (2d Cir. 2002) (citing *Pollard v. United States*, 352 U.S. 354, 358 (1957)).

(Dkt. 18 at 1 n.1.) For that reason, Magistrate Judge Freeman proceeded to make her substantive recommendations. *Id.*

## II. Legal Standard

The R&R informed the petitioner that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), he had fourteen days from service of the R&R to file any objections. (Dkt. 18 at 21.) When no objections are filed to a report and recommendation, a district court need only satisfy itself that there is no "clear error on the face of the record" in order to accept the recommendations. Fed. R. Civ. P. 72(b) advisory committee's note; *see also Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

The Second Circuit has held that failure to object in a timely manner to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's order adopting a magistrate judge's report and recommendation. *See DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

## III. Analysis

As the docket reflects, the R&R was mailed to the petitioner's last known address at the March Correctional Facility. The mailing was returned as undeliverable because the petitioner, as noted above, has been deported and apparently left no forwarding address. Per the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(C), the petitioner's deadline for filing

objections was December 27, 2011.[2] The time to object has expired, and no objections have been filed.

The Court has reviewed the R&R and finds it to be well-reasoned and free of any clear error on the face of the record.

The Court thus adopts the R&R in its entirety. Accordingly, the petition is dismissed. The Court shall not collect any fees for this case, nor shall any fees for this case be encumbered by any facility that holds Plaintiff in custody.

The Court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: New York, New York
       January 9, 2012

                                            _____
                                            J. PAUL OETKEN
                                            United States District Judge

---

[2] Service of the R&R was "complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). The docket indicates that the R&R was mailed on the day Magistrate Judge Freeman signed it, December 8, 2011. The petitioner then had fourteen days to file objections under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)—plus a three-day grace period, Fed. R. Civ. P. 6(d). However, since the deadline would then fall on December 25, 2011, a Sunday, and the following day was a federal holiday, objections were due by Tuesday, December 27, 2011. Fed. R. Civ. P. 6(a).

3